## ARMSTRONG, use, &c. v. ADAMS.

1. A suit was instituted by A. for the use of L. & L., partners, and judgment rendered for the defendant. A. and one of the beneficial plaintiffs died, and the surviving partner took the benefit of the bankrupt law, after which a writ of error was prosecuted upon the judgment to this court. *Held*, that the writ of error must be dismissed, and could not be amended under the statute authorizing the amendment of writs of error.

ERROR to the Circuit Court of Dallas.

Motion to dismiss the writ of error.

R. SAFFOLD and J. B. CLARKE, for the defendant in error.
EDWARDS, *contra*.

ORMOND, J.—The affidavit on which this motion is founded, and which is not controverted, states that Armstrong, the nominal plaintiff, and Lea, one of the beneficiaries of the suit, had departed this life, before this writ was prosecuted—That Langdon, the other beneficiary, had obtained a certificate and final discharge as a bankrupt, under the act of Congress; also, before the suing out of the writ of error. For the motion it is insisted, that the act which declares that suits brought for the use of another, shall not abate by the death of the nominal plaintiff, but shall continue for the benefit of him for whose use it was instituted, vested in Langdon, the survivor, upon the death of the nominal plaintiff, the legal title, and that all his right, title and interest, was by the operation of the bankrupt law, vested in the assignee in bankruptcy, by whom alone this writ could be prosecuted.

The plaintiffs' counsel maintains that the legal title continues in the nominal plaintiff, and that the suit may be revived in the name of his legal representative, but if that is not the law, and the writ must be prosecuted in the name of the assignee in bankruptcy, then he moves to amend the writ of error under the act of 1843. [Clay's Dig. 312, § 39.]

We do not think it proper at this time to determine the question, whether under the circumstances of this case the writ of error must be prosecuted by the representatives of Armstrong, or the assignee in bankruptcy, because, in either event, the writ must be dismissed, unless it can be amended under the statute referred to. The authority conferred by that statute on this court, is to amend writs of error, "where there shall be any variance from the original record, either in the name or number of the parties, the form of the action or other defect, and make them agreeable to the record." To authorise an amendment of the writ under this statute, the record must furnish the means of doing it, and although we shall be disposed to give this statute a most liberal construction to effectuate its intent, we are clear, it does not reach such a case as this. Armstrong was dead when the writ was sued out, and the interest of Langdon was divested out of him, and vested in another, by operation of law. There was, therefore, clearly no authority to sue out the writ in their names, and the record affords no aid whatever, in ascertaining who are the proper parties. The case is the same in effect, as if the writ had been sued out in the name of a stranger to the record, which it is clear would not be aided by the statute. We are, therefore, of opinion that the writ of error must be dismissed.